E-FILED
Friday, 18 February, 2022  04:59:17 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| FIELD WOLF, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | Case No. 13-30007 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Field Wolf's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 36).  Roughly five years after his original sentencing and four years after receiving a reduced sentence, Mr. Wolf alleges his counsel failed to file an appeal after being asked to do so.  The Government has filed a response styled as a Motion to Dismiss (d/e 40), arguing that the Motion is untimely.  As explained below, the Court agrees that Mr. Wolf's § 2255 Motion is untimely.  Therefore, the Court GRANTS the Government's Motion to Dismiss (d/e 40), DIMISSES

the Mr. Wolf's § 2255 Motion (d/e 36) with prejudice, and

DECLINES to issue a certificate of appealability.

## I. BACKGROUND

In May 2013, Mr. Wolf pled guilty to conspiracy to

manufacture and distribute 500 grams or more of

methamphetamine and 50 grams or more of actual

methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A) (Count 1); and possession of firearms in

furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c) (Count 3). See May 1, 2013 Minute Entry. Mr. Wolf pled

guilty pursuant to a written plea agreement, in which he waived his

right to appeal and to file a collateral attack. See Plea Agreement at

(d/e 8).

On January 13, 2014, this Court sentenced Mr. Wolf to a total

sentence of 248 months' imprisonment, followed by a five-year term

of supervised release. See Judgment (d/e 21). Mr. Wolf did not

appeal. Following a retroactive amendment in the sentencing

guidelines in 2015, the Court reduced Mr. Wolf's sentence to a total

of 211 months' imprisonment on July 20, 2015. See July 20, 2015

Minute Entry.  The Amended Judgment (d/e 26) was issued on November 25, 2015.  Mr. Wolf did not appeal this judgment either.

In April 2019, Mr. Wolf filed a "Belated Petition for Permission to be Allowed to Direct Appeal His Conviction and Sentences" (d/e 34).  Because the Petition was unsigned, the Court ordered Mr. Wolf to submit a signed petition.  See April 17, 2019 Text Order.  On May 17, 2019, Mr. Wolf filed a signed copy of his "Belated Petition for Permission to be Allowed to Direct Appeal His Conviction and Sentences" (d/e 36).  On May 21, 2019, the Court entered a text order giving Mr. Wolf notice that the Court intended to convert the motion into a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 unless Mr. Wolf either objected to the proposed re-characterization or withdrew or amended the filing by August 19, 2019.  Mr. Wolf did not do so.  Accordingly, the Court converted the motion into a 2255 Motion on October 29, 2021, and ordered the Government to respond.  The Government filed its response (d/e 40) on January 11, 2022, asking that the Court dismiss the motion as untimely.  Mr. Wolf has not filed a timely reply.

## II. DISCUSSION

In his motion, Mr. Wolf argues that his trial counsel failed to file an appeal after Mr. Wolf requested that he do so.  Mr. Wolf seeks to be allowed to file his appeal now.  His claim draws support from the Supreme Court case of Garza v. Idaho, which held that trial counsel's failure to file an appeal when directed to do so by a defendant is per se ineffective assistance of counsel, regardless of the likely outcome of the appeal.  139 S. Ct. 738, 739 (2019).

Whatever the merits of Mr. Wolf's claim, however, he has raised it far too late.  A one-year period of limitation applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

Here, Mr. Wolf's claims are not timely under § 2255(f)(1).  The judgment in this case was entered on January 15, 2014.  His judgment of conviction became final fourteen-days later, on January 29, 2014, when he did not file an appeal.  Mr. Wolf, however, did not file this motion until May 2019, roughly five years after his original sentencing (and roughly four years after receiving a reduced sentence in November 2015).

Mr. Wolf's claim is also not timely under § 2255(f)(3).  While Mr. Wolf is arguably raising a claim based on Garza v. Idaho, 139 S. Ct. 738, 739 (2019), courts "have uniformly held that [Garza] does not represent a new law that is retroactively applicable on collateral review."  Edwards v. United States, No. 3:19-CV-293-NJR, 2020 WL 1975077, at *4 (S.D. Ill. Apr. 24, 2020) (collecting cases).  Rather, a Garza claim is rooted in the right to effective assistance of counsel, which was established many years ago in Strickland v. Washington,

466 U.S. 668, 684-86 (1984).  Accordingly, the Court finds Mr. Wolf's claim untimely under § 2255(f)(3).

Nor is Mr. Wolf's claim timely under § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Mr. Wolf claims that he believed his attorney had filed a direct appeal and he "had tried for years to question why he had not heard from any Courts about the actual status of his case [on] Direct Appeal." See Motion at 3 (d/e 36).  He does not indicate *who* he questioned, if anyone.  And, a simple letter or call to either this Court, his former attorney, or the Seventh Circuit, could have promptly informed him that no such appeal had been filed.

Finally, Mr. Wolf makes no assertions that his claim is timely under § 2255(f)(2) due to an impediment caused by Governmental action, and the Court finds that it is not.

Mr. Wolf's motion, however, argues that equitable tolling should apply.  In exceptional circumstances, a court may find equitable tolling appropriate and deem an untimely § 2255 motion as timely.  The Supreme Court has held equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. Diguglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The petitioner seeking the tolling has the burden of demonstrating both elements of the Holland test. Carpenter v. Douma, 840 F.3d 867, 870 (7th Cir. 2016) (citing Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008)). And, if either element is not met, the petitioner is not entitled to equitable tolling. Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755-56 (2016). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." Carpenter, 840 F.3d at 870 (citations and quotation marks omitted).

Mr. Wolf alleges that he suffers from "paranoid schizophrenia and has a history of mental illness, bi-polar and grandiose due to his history of past drug abuse" as well as manic depression, that his "counselor of record withheld his mental health illness conditions from the district court," and that he is illiterate. He argues that these conditions represent extraordinary

circumstances. Mental incompetence may justify equitable tolling, but that something "more than but-for causation is essential." Davis v. Humphreys, 747 F.3d 497, 499 (7th Cir. 2014). Conclusory allegations regarding mental incompetence, however, are insufficient to justify equitable tolling or even an evidentiary hearing on the issue. Boulb v. United States, 818 F.3d 334, 340 (7th Cir. 2016) (uncorroborated allegations that the petitioner was "intellectually disabled" and "functionally illiterate" were insufficient to justify an evidentiary hearing). Instead, "[t]he petitioner must provide evidence establishing that his mental issues 'actually impaired his ability to pursue his claims' throughout the limitations period." Conroy v. Thompson, 929 F.3d 818, 820 (7th Cir. 2019) (citing Mayberry v. Dittmann, 904 F.3d 525, 531 (7th Cir. 2018)).

Unfortunately, Mr. Wolf has not provided any corroborating evidence of his alleged mental health conditions. Mr. Wolf's Presentence Investigation Report (d/e 16) reported that Mr. Wolf said his mental/emotional health was "decent." PSR ¶ 50. Mr. Wolf's sister did report that she suspected he had depression. Id. And, when first detained, jail personnel administered a "suicide

potential screening," but they and did not find Mr. Wolf to be suffering any mental health issues. Id.

Mr. Wolf gives no indication as to how he was able to hide his now-alleged mental health conditions at the time of sentencing that are apparently so severe as to render him unable to file a § 2255 Motion until five years after his condition. He has provided no records whatsoever that would support these diagnoses. In short, assuming he has these conditions, he has not provided the Court with any evidence that the conditions were severe as to prevent him filing a timely motion or any basis to proceed with an evidentiary hearing on the issue. Accordingly, because Mr. Wolf does not meet the requirements for equitable tolling, his motion must be dismissed. See also, Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation.").

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final

order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability).  A certificate of appealability may

issue only if Petitioner has made a "substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a

showing is made if "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a

different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120

S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on

procedural grounds without reaching the underlying constitutional

claim, the movant must show "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural

ruling."  Id.  The Court does not find that reasonable jurists could

disagree with the Court's findings that Mr. Wolf's claim is time-

barred.  Accordingly, the Court declines to issue a certificate of

appealability.

## IV.  CONCLUSION

For the reasons stated above, Petitioner Field Wolf's Motion to

Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e

36) is DENIED.  The Court DECLINES to issue a Certificate of

Appealability.  This case is CLOSED.  The Clerk is DIRECTED to

prepare the Judgment for filing in this case and the accompanying

administrative case 21-cv-3234.

     Signed on this 17th day of February 2022.

<div style="margin-left:40%">

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge

</div>

## NOTICE

Petitioner is informed that if he wishes to contest this Order, he has two options.  He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.  If Petitioner chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 60 days from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A).  The deadline can be extended for a short time only if Petitioner files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time.  Fed. R. App. P. 4(a)(5)(A), (C).  See also Sherman v. Quinn, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); Abuelyaman v. Illinois State Univ., 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Petitioner will only be allowed to proceed on his appeal if he obtains a certificate of appealability.  Here, the undersigned District Judge has already declined to issue a certificate of appealability.  Thus, Petitioner must request a certificate of appealability from the Court of Appeals pursuant to

Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.  The current cost of filing an appeal with the Seventh Circuit is $505.00.  The filing fee is due at the time the notice of appeal is filed.  Fed. R. App. P. 3(e).  If Petitioner cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal in forma pauperis ("IFP motion") along with a recent statement for his prison trust fund account. See Fed. R. App. P. 24(a)(1)(C).  The IFP motion must set forth the issues Petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  He will then be required to make monthly payments until the entire filing fee is paid.  28 U.S.C. § 1915(b)(2).

On the other hand, if Petitioner wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended.  Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment.  Elustra v. Mineo, 595 F.3d 699, 707 (7th

Cir. 2010).  See also Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d

587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to

amend judgment, a party must clearly establish (1) that the court

committed a manifest error of law or fact, or (2) that newly

discovered evidence precluded entry of judgment.") (citation and

internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely

submitted, the 60-day clock for filing a notice of appeal will be

stopped.  Fed. R. App. P. 4(a)(4).  The clock will start anew once the

undersigned rules on the Rule 59(e) motion.  Fed. R. App. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii).  To be clear, if the Rule 59(e) motion is

filed outside the 28-day deadline or "completely devoid of

substance," the motion will not stop the clock for filing a notice of

appeal; it will expire 60 days from the entry of judgment.  Carlson v.

CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014); Martinez v.

Trainor, 556 F.2d 818, 819–20 (7th Cir. 1977).  Again, this deadline

can be extended only on a written motion by Petitioner showing

excusable neglect or good cause.